# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KELLY W. KENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-00257-DGK |
| ) | |
| SETERUS, INC., LERETA, LLC, and ) | |
| QUICKEN LOANS INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DISCOVERY DISPUTE

This case arises out of unpaid real estate taxes. Plaintiff Kelly Kent ("Plaintiff") alleges that he made payments to his mortgage company, including amounts for real estate taxes, but Defendants failed to forward these payments to the taxing authority. Plaintiff is suing the mortgagor, the loan servicer, and the company that provided property tax reporting and monitoring services on his loan.

Now before the Court is a discovery dispute concerning Plaintiff's response to one of Defendant Seterus, Inc.'s ("Seterus") interrogatory questions. After reviewing the parties' memoranda regarding the discovery dispute (Docs. 58 and 61) and hearing argument from counsel during a teleconference on January 31, 2018, the Court denies Seterus's request to compel a response from Plaintiff.

**Background**

Plaintiff purchased a condo in Chicago, Illinois in 2007. As part of that purchase, he obtained a mortgage on the property and later refinanced that loan with Quicken Loans Inc. ("QLI"). Plaintiff arranged with QLI an escrow account whereby he made monthly payments

into the account with the understanding that those monies would be applied to his annual property tax obligation. Seterus is a loan servicer and serviced Plaintiff's loan with QLI. In 2012, QLI sold or transferred Plaintiff's loan to Federal National Mortgage Association, ("Fannie Mae"). In 2016, Plaintiff learned the property taxes on his condo were not timely paid, causing one years' tax account to be sold at the county's annual tax sale and an assessment of late penalties on his account.

Initially, Plaintiff sued Seterus and Lereta, LLC, for violations of the Real Estate Settlement Practices Act, the Missouri Merchandising Practices Act, various common law negligence claims, and breach of contract. On December 7, 2017, the Court granted in part Seterus's motion to dismiss (Doc. 42). While the motion to dismiss was pending, Plaintiff amended his complaint adding QLI[1] as a party.

On December 28, 2017, Plaintiff filed a motion to file a second amended complaint to add Fannie Mae as a party and to amend the scheduling order. Seterus and Lereta opposed the motion. Nonetheless, the Court granted the motion and in doing so, extended the deadline for discovery to April 2, 2018 (Doc. 60).

Seterus served interrogatories on Plaintiff, including No. 11 which requested the amount of financial damages along with an explanation of how those damages were calculated. In his initial response, Plaintiff objected asserting "attorney-client privilege and/or work product doctrine" and stated that the amount of damages would require an expert opinion and the findings of a jury. (Doc. 58-3 at 4). Later, Plaintiff filed a supplemental answer providing the same response as his initial answer, but attached a Privilege Log.

---

[1] Plaintiff alleges he could not name QLI has a party at the outset of this lawsuit because, according to the agreement between QLI and Plaintiff, Plaintiff was required to provide QLI a notice of intent to sue prior to initiating a lawsuit.

## Discussion

Initially, Seterus complained of two issues, but now agrees that the first issue, related to the delivery of Plaintiff's expert report, is moot given the Court's amended scheduling order. As to the second issue, Seterus complains that Plaintiff has not provided it with a "full and complete explanation of the means by which each category [of damages] were calculated as requested" in Seterus's Interrogatory No. 11. (Doc. 58 at 4).

Plaintiff states that he intends to supplement his initial response to Seterus's Interrogatory No. 11 after additional discovery is complete. Plaintiff states that he learned during mediation additional facts that—if true—modify his actual damages calculation. Plaintiff also states that his actual and future damages are dependent on input from his retained expert.

Federal Rule of Civil Procedure 26 requires that a party must provide a computation of each category of damages claimed. Fed. R. Civ. P. 26(a)(1)(iii). It also permits supplementing disclosures and responses when a party learns that some material is incomplete or incorrect. Fed. R. Civ. P. 26(e).

Defendant cites to *Gillespie v. Block Maint. Sols.*, to support its position that Plaintiff is required to immediately provide the means by which he calculates his damages. No. 12-947-CV-W-DGK, 2013 WL 6199198, at *1 (W.D. Mo. Nov. 27, 2013). The Court in *Gillespie* ordered the plaintiff to identify the amount of damages sought, explain how that value was derived, and provide documentation to support that computation. However, this order was issued only after the time for discovery had ended, and after the Court had granted the defendant's motions to compel that information.

Here, the parties agree that Plaintiff is required to provide the information Seterus is requesting; this dispute centers on the timing of this disclosure. Because the Court has amended

the scheduling order, the parties now have two full months of discovery remaining.  Plaintiff states this discovery is necessary in order to provide Seterus with its requested information.  It is reasonable to believe that Plaintiff will file supplemental answers as to his damages calculation when he has the necessary information because he has already done so once.  Accordingly, Seterus's motion to compel Plaintiff to provide an explanation of how its actual and future damages are calculated is denied without prejudice.  If the parties complete discovery and Plaintiff has not provided the disclosures as required by Rule 26, the parties can revisit this issue.

Finally, the Court's impression of this dispute is that it is one that should have been resolved by the parties through a genuine effort to meet and confer.  Moving forward, the Court encourages the parties to work together to resolve these disputes without judicial intervention.

**IT IS SO ORDERED.**

Date:   February 2, 2018                    /s/ Greg Kays
                                            GREG KAYS, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT