# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KELLY W. KENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-00257-DGK |
| | ) |
| SETERUS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANT FANNIE MAE'S MOTION TO DISMISS

This case arises out of unpaid real estate taxes. Plaintiff Kelly Kent ("Kent") alleges that he made payments to his mortgage company, including amounts for real estate taxes, but that the taxes were never paid to the taxing authority. Kent is suing two lenders, a loan servicer, and a company that provided property tax reporting and monitoring services on his loan.

Now before the Court is Defendant Federal National Mortgage Association's ("Fannie Mae") motion to dismiss and for extension of time to respond to the breach of contract claim (Doc. 75). As explained below, the motion is GRANTED.

### Background

The third amended complaint (Doc. 92) alleges the following:

Kent purchased a condo in Cook County, Illinois in 2007. On July 19, 2012, he refinanced his loan and in doing so, obtained a mortgage loan (the "Loan") through Defendant Quicken Loans Inc. ("QLI"). Kent arranged an escrow account with QLI for payment of the property taxes and insurance ("Escrow Items") on the condo. The escrow agreement requires Kent to pay QLI for the Escrow Items and that QLI would apply those payments to the underlying obligations.

On July 27, 2012, QLI sold or assigned its rights and interest in the Loan to Defendant Federal National Mortgage Association ("Fannie Mae"). On September 1, 2012, QLI sold or assigned the servicing rights in the Loan to Defendant Seterus, Inc. ("Seterus"). Plaintiff alleges that Seterus was outsourcing the property tax reporting and monitoring services to Defendant Lereta, LLC ("Lereta") during this time.

During the relevant time, Kent made timely payments on his loan and the Escrow Items. He received yearly mortgage statements reflecting the beginning and ending balance of his loan, beginning and ending balance of his escrow account, and the real estate taxes paid. Nevertheless, on November 10, 2016, Kent learned his tax year 2012 real estate taxes owed to Cook County, Illinois, had been sold to ATCF II Illinois, LLC ("ATCF") at the county's annual tax sale, due to non-payment. Later, Kent learned that his real estate taxes for tax years 2013, 2014, and 2015 also had not been paid, despite his yearly mortgage statements indicating they had.

Kent alleges that when QLI sold its interest in the Loan to Fannie Mae and/or sold its servicing rights in the Loan to Seterus, it provided the incorrect property account number PIN, thereby causing his real estate taxes to go unpaid. Kent also alleges this error went unnoticed for years by the other Defendants.

In his third amended complaint, Kent alleges seven counts against Defendants for breach of contract, breach of fiduciary duty, and various common law negligence claims. Fannie Mae moved to dismiss the claims against it. After the motion was fully briefed, Kent moved to amend the complaint to clarify certain facts alleged. In granting the motion to amend his complaint, the Court permitted the parties to file supplemental briefing on the pending motion to dismiss.

**Standard**

To survive a 12(b)(6) motion to dismiss, the complaint must do more than recite the bare elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). Rather, it must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint is not required to have detailed factual allegations, a plaintiff must provide more than mere "labels and conclusions" or "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 545. In reviewing the complaint, the court assumes the facts are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enf't Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

**Discussion**

In the third amended complaint, Kent alleges five claims against Fannie Mae:[1] Count I - breach of contract; Count II - breach of fiduciary duty; Count III - negligent hiring; Count IV - negligent supervision; and Count VI - negligence. Fannie Mae argues Kent's tort claims should be dismissed because Missouri law does not recognize a duty between lender and borrower and these claims are barred by the economic loss doctrine.

**I.     Count II for breach of fiduciary duty is dismissed.**

Fannie Mae argues that Missouri does not recognize a fiduciary relationship between a lender and a borrower, and thus, his claim for breach of fiduciary duty must be dismissed. *See Hutcheson v. JPMorgan Chase Bank, N.A.*, No. 6:14-cv-03499-MDH, 2015 WL 1401225, *4 (W.D. Mo. Mar. 26, 2015) (finding "the relationship between a borrower and lender is that of a debtor and creditor and typically does not constitute a fiduciary relationship.") (citing *Hall v. NationsBank*, 26 S.W.3d 295, 297 (Mo. Ct. App. 2000)).

---

[1] Fannie Mae's motion seeks to dismiss former Count I which addressed purported violations of the Missouri Merchandising Practices Act, but in Kent's third amended complaint, he omitted this claim.

Kent's theory is that Fannie Mae owed him a fiduciary duty as an agent in escrow. However, Kent does not allege in his third amended complaint that Fannie Mae ever serviced his loan in order to act as an agent in escrow. Kent only alleges Fannie Mae was his lender. Without more than a lender-borrower relationship, Kent's breach of fiduciary duty claim against Fannie Mae must be dismissed because the lender-borrower relationship does not constitute a fiduciary relationship. Count II is DISMISSED.

**II.    Kent's negligence claims are dismissed.**

Next, Fannie Mae argues Kent's negligence claims—Counts III, IV, and VI—fail as a matter of law because it did not owe Kent a duty of care in tort.

Under Missouri law, a "contractual relationship between a lender and borrower alone does not establish a tort duty on the part of the lender." *Wivell v. Wells Fargo Bank, N.A.,* 773 F.3d 887, 900 (8th Cir. 2014). However,

> where the parties have entered into a contract, [Missouri's] common law has imposed the duty to perform with skill, care, and reasonable expedience and faithfulness in regard to the thing to be done or accomplished within the contract. The negligent failure to observe and perform any portion of that duty gives rise to an action in tort as well as an action for breach of contract.

*Autry Morlan Chevrolet Cadillac, Inc. v. RJF Agencies, Inc.*, 332 S.W.3d 184, 193 (Mo. Ct. App. 2010) (citations omitted).

Kent only alleges he and Fannie Mae had a lender-borrower relationship, which is insufficient to find Fannie Mae owed Kent a duty to use ordinary care under Missouri law. *See Wivell,* 773 F.3d at 900 (holding the plaintiff failed to state a negligence claim because he alleged nothing more than a contractual lender-borrower relationship); s*ee also Hutcheson v. JPMorgan Chase Bank, N.A.*, No. 6:14-cv-03499-MDH, 2015 WL 1401225, *4 (W.D. Mo. Mar. 26, 2015)

(holding the lender did not owe the borrower a duty to use ordinary care in the receipt, retention, and application of escrow payments). Counts III, IV, and VI are DISMISSED.

Because Fannie Mae did not owe Kent a duty to use ordinary care, the Court does not address Fannie Mae's argument that the economic loss doctrine bars Kent's negligence claims.

### III. Fannie Mae is granted 14 days to respond to the breach of contract claim.

Finally, Fannie Mae requests an extension of time to respond to Kent's breach of contract claim. The motion is GRANTED. Fannie Mae is granted 14 days from the date of this Order to respond to the breach of contract claim.

## Conclusion

For the foregoing reasons, Counts II, III, IV, and VI are DISMISSED and Fannie Mae has 14 days to respond to Count I.

**IT IS SO ORDERED.**

Date: July 20, 2018 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT